# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 15, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.**   **2023AP2159-CR**
**2023AP2160-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2019CF914
2020CF965

**IN COURT OF APPEALS**
**DISTRICT II**

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

MOHAMMED SHAHER WATTAR,

   DEFENDANT-APPELLANT.

---

APPEAL from judgments and an order of the circuit court for Waukesha County: JENNIFER R. DOROW, Judge. *Affirmed.*

Before Neubauer, P.J., Gundrum, and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Mohammed Shaher Wattar appeals judgments convicting him of two counts of second-degree sexual assault of a child and one count of exposing a child to harmful material. He also appeals an order granting in part and denying in part, his motion for postconviction relief. Wattar argues: (1) the circuit court erroneously joined his two criminal cases for trial; (2) he is entitled to new a trial based on the doctrine of retroactive misjoinder; (3) the evidence was insufficient to support his convictions; (4) his trial counsel was ineffective; (5) postconviction testimony from M.N.[1] warranted a new trial as newly-discovered evidence; and (6) the court erroneously barred cross-examination of A.B. about alleged sexual conduct with another witness. We reject these arguments and affirm.

¶2     The State charged Wattar with sexually assaulting 14-year-old A.B. and 14-year-old O.B. on successive weekends after communicating with A.B. through Snapchat. The State then separately charged Wattar with two counts of exposing genitals to a child and exposing a child to harmful material based on allegations that, approximately six months later, Wattar used the same Snapchat account to send sexual messages, images, and videos to two, twelve-year-old girls, G.K. and M.B. The circuit court granted the State's motion to join the cases, concluding that the cases shared significant similarities and that the evidence would be cross-admissible as other-acts evidence.

¶3     A jury found Wattar guilty of all counts. Wattar filed a motion for postconviction relief. The circuit court vacated the two convictions for exposing

---

[1] We use initials to protect the privacy of the victims. *See* WIS. STAT. RULE 809.19(1)(g) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

genitals under *State v. Stuckey*, 2013 WI App 98, 349 Wis. 2d 654, 837 N.W.2d 160, which held that WIS. STAT. § 948.10 (2023-24), exposing genitals to a child, does not apply to "sexting" or other remote electronic transmissions of images. The court denied the remainder of Wattar's postconviction motion.

¶4 Wattar first argues that the two cases should not have been joined for trial. Joinder is proper if crimes are of the same or similar character. *See* WIS. STAT. § 971.12. Crimes are of the same or similar character when they are the same type of offenses, occur over a relatively short period, and the evidence overlaps. *State v. Davis*, 2006 WI App 23, ¶13, 289 Wis. 2d 398, 710 N.W.2d 514. The joinder statute is broadly construed in favor of initial joinder because joinder promotes trial economy, convenience, and efficiency in judicial administration. *State v. Salinas*, 2016 WI 44, ¶¶31, 36, 369 Wis. 2d 9, 879 N.W.2d 609. On appeal, whether cases were properly joined is a question of law that we review de novo. *Id.*, 369 Wis. 2d 9, ¶30.

¶5 We conclude that the cases were properly joined. They involved the same defendant, the same Snapchat account, the same or similar assumed name, age-related deception, underage girls from the same general area, and sexualized pursuit of those girls. The crimes occurred within approximately six months of one another, which is a relatively short period of time. In addition, the evidence as to each offense overlapped; the Snapchat evidence in each case would have been admissible in the other case as other-acts evidence had the cases been tried separately. *See State v. Linton*, 2010 WI App 129, ¶17, 329 Wis. 2d 687, 791 N.W.2d 222; *State v. Sullivan*, 216 Wis. 2d 768, 771-73, 783, 576 N.W.2d 30 (1998). Applying the greater latitude rule applicable in child sexual-assault cases, *see State v. Dorsey*, 2018 WI 10, ¶32, 379 Wis. 2d 386, 906 N.W.2d 158, the

Snapchat evidence would have been admissible for non-propensity purposes, including intent and context. *See* WIS. STAT. § 904.04(2)(a).

¶6      Wattar contends that joinder was nevertheless improper because admission of the evidence caused him substantial unfair prejudice. *See* WIS. STAT. § 904.04(3).   We disagree.   The evidence was damaging, but not unfairly prejudicial in the legal sense. *See **State v. Hurley***, 2015 WI 35, ¶89, 361 Wis. 2d 529, 861 N.W.2d 174.  Its probative value arose from specific similarities between the two cases, not from a generalized bad-character inference.  For these reasons, joinder of these cases was proper.

¶7      Wattar argues that his convictions should be reversed based on the doctrine of retroactive misjoinder.  Retroactive misjoinder "occurs when joinder of multiple counts was initially proper but, through later developments such as an appellate court's reversal of less than all convictions, joinder has been rendered improper." ***State v. McGuire***, 204 Wis. 2d 372, 379, 556 N.W.2d 111 (Ct. App. 1996).  A defendant must show compelling prejudice to be entitled to relief based on retroactive misjoinder. ***Id.***  "Prejudicial spillover from evidence used to obtain a conviction subsequently reversed on appeal may constitute compelling prejudice." ***Id.***   Courts consider the inflammatory nature of the evidence supporting the dismissed counts, the overlap between that evidence and the evidence supporting the remaining counts, and the strength of the evidence of the remaining counts. ***Id.*** at 379-80.

¶8      Wattar contends that the Snapchat evidence admitted to prove the exposing genitals counts, which were vacated, caused him compelling prejudice on the remaining charges.   We disagree.   The Snapchat evidence was independently admissible to prove the surviving harmful-material count involving

4

G.K., who testified that Wattar sent her sexual messages, explicit images, and an explicit video. And, as we previously explained, the Snapchat evidence in the harmful materials case as to G.K. would have been admissible other-acts evidence in the first case to prove Wattar sexually assaulted A.B. and O.B. Wattar has not shown that he suffered compelling prejudice due to prejudicial spillover from the Snapchat evidence introduced to prove the later vacated genital-exposing counts.

¶9 Wattar next argues that the evidence was insufficient to support his convictions. We view the evidence in the light most favorable to the verdict, and will reverse only if the evidence is so lacking in probative value and force that no reasonable jury could find guilt beyond a reasonable doubt. *State v. Poellinger*, 153 Wis. 2d 493, 501, 507, 451 N.W.2d 752 (1990). We do not reweigh credibility. *Id.*, 153 Wis. 2d at 506.

¶10 On the harmful-material count, Wattar challenges only whether he knew, or reasonably should have known, G.K. was under 18. G.K. testified that she told Wattar she was 14, and Wattar responded that he was 14 or 15, though he was actually 26. A reasonable jury could find that Wattar knew, or at least reasonably should have known, that G.K. was under 18 based on that exchange. The evidence was sufficient to support the harmful material conviction.

¶11 The evidence was also sufficient on the sexual-assault counts. Second-degree sexual assault of a child required proof that Wattar had sexual contact with the victim and that the victim was under 16. *See* WIS. STAT. § 948.02(2). A.B. testified that Wattar had sexual contact with her and that she was 14. N.B. corroborated A.B.'s account. O.B. testified that Wattar had sexual contact with her and that she was 14. R.S. and A.B. corroborated portions of

O.B.'s account. Based on the testimony presented to the jury, there was sufficient evidence to support the convictions.

¶12    Wattar next claims ineffective assistance of counsel. To prevail, he must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If he fails to establish either prong, the claim fails. *Id.* at 697.

¶13    Counsel performed deficiently by failing to move to dismiss the exposing-genitals counts under *Stuckey*, but the circuit court remedied that error by vacating those convictions and sentences during postconviction proceedings. Wattar has not shown prejudice beyond that relief. As explained above, the Snapchat evidence would have been admissible as other-acts evidence and was independently admissible on the harmful-material count. Thus, Wattar has not shown a reasonable probability of a different result on the remaining counts had counsel moved earlier to dismiss the exposing-genitals charges.

¶14    Wattar also argues that counsel should have requested a more specific other-acts limiting instruction. Although a count-by-count instruction is not the same as a *Sullivan* limiting instruction, the other-acts evidence was admissible for proper purposes, the jury was instructed to consider each count separately, and the evidence supporting each surviving conviction was substantial. There is no reasonable probability of a different result.

¶15    Nor has Wattar shown prejudice from counsel's failure to have M.N. testify at trial. M.N. testified postconviction that she was present during the first sleepover and did not see or hear sexual activity. That testimony would have helped the defense, but it did not directly disprove A.B.'s account. Moreover, M.N.'s testimony had weaknesses: M.N. did not remember whether another guest

stayed the night, remembered N.B. leaving rather than staying, and did not recall whether others drank alcohol. The circuit court reasonably found no reasonable probability of a different result had M.N. testified. Therefore, Wattar's claims of ineffective assistance of counsel fail.

¶16     Wattar next argues that he is entitled to a new trial based on newly-discovered evidence. We review the circuit court's decision denying a new trial based on newly-discovered evidence for an erroneous exercise of discretion. *State v. Plude*, 2008 WI 58, ¶31, 310 Wis. 2d 28, 750 N.W.2d 42. A defendant seeking a new trial on that basis must satisfy the newly-discovered evidence test, and must show a reasonable probability of a different result. *Id.*, ¶¶31-33. Newly-discovered evidence that is merely cumulative is not grounds for a new trial. *State v. McAlister*, 2018 WI 34, ¶37, 380 Wis. 2d 684, 911 N.W.2d 77.

¶17     Wattar has not shown a reasonable probability of a different result. M.N. could testify that she did not observe sexual activity, but she could not eliminate the possibility that the assault occurred. In addition, her testimony had vulnerabilities as discussed above. Against that, the jury heard A.B.'s direct testimony and N.B.'s corroborating testimony. Therefore, we conclude that the circuit court properly exercised its discretion in denying the newly-discovered evidence claim.

¶18     Finally, Wattar argues that the circuit court violated his confrontation rights by barring him from asking A.B. whether she was having sexual intercourse in the bedroom when she claimed to hear sounds from the bathroom during O.B.'s assault. Circuit courts retain wide latitude to impose reasonable limits on cross-examination. *State v. Rhodes*, 2011 WI 73, ¶23, 336 Wis. 2d 64, 799 N.W.2d 850. Wisconsin's rape-shield statute also limits evidence

concerning a complainant's sexual conduct unless a statutory or constitutional exception applies. *See* WIS. STAT. § 972.11(2).

¶19 The circuit court reasonably limited the questioning. Even accepting Wattar's stated purpose—to challenge A.B.'s ability to hear what was happening in the bathroom—the relevant point was A.B.'s location, attention, and ability to hear, not the sexual nature of what she allegedly was doing in her neighboring bedroom. The court could reasonably conclude that the marginal additional probative value of identifying the conduct as sexual was outweighed by unfair prejudice, confusion, and diversion into a collateral matter. *See* WIS. STAT. § 904.03. Wattar retained meaningful avenues to challenge A.B.'s perception and credibility, and he did so. The limitation did not violate his confrontation rights.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.